

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 JUN 22 P 4: 11

CLERK'S OFFICE
AT BALTIMORE

BY _____ DEPUTY



**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

Rod J. Rosenstein
United States Attorney

Peter M. Nothstein
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland
21201

DIRECT: 410-209-4916
MAIN: 410- 209-4800
FAX: 410-962-3124
TTY/TDD: 410-962-4462
Peter.Nothstein@usdoj.gov

June 20, 2011

Tamara Theiss, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Baltimore, Maryland 21202

      Re:   *United States v. John Thomas*, WMN-09-0332

Dear Ms. Theiss:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 21, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.   The Defendant agrees to plead guilty to Count One of the Indictment now pending against him charging him with bank theft, in violation of 18 U.S.C. § 2113(b). The Defendant also agrees to plead guilty to the Violation of Supervised Release petition now pending against him. The Defendant admits that he is, in fact, guilty of those offenses and will so advise the Court.

### Elements of the Offense

      2.   The elements of the offense listed in Count One, to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

         a.   That the defendant took and carried away money belonging to M&T Bank Corporation;



      b.      That at that time, M&T Bank Corporation had its deposits insured by the Federal Deposit Insurance Corporation;

      c.      That the defendant took and carried away such money with the intent to steal; and

      d.      That such money exceeded $1,000 in value.

3. The elements of the violation of Supervised Release, to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

      a.      The defendant committed a violation of state and federal law;

      b.      At the time of this violation, the defendant was under supervision by the United States Probation office for a term of Supervised Release ordered by a Court of the United States; and

      c.      A condition of the defendant's Supervised Release was that he not commit any new violation of state or federal law.

## Penalties

4. The maximum sentence provided by statute for the offense listed in Count One, to which the Defendant is pleading guilty, is as follows: ten years imprisonment, a maximum term of Supervised Release of three years, and maximum fine of $250,000.

5. The maximum sentence provided by statute for the violation of Supervised Release, to which the Defendant is pleading guilty, is as follows: two years imprisonment, a maximum term of Supervised Release of three years, minus any period of incarceration imposed on the violation.

6. In addition, the Defendant must pay $100 as a special assessment for each count of conviction, pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing.

7. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise.

8. The Defendant understands that if he serves a term of imprisonment, is released on Supervised Release, and then violates the conditions of his Supervised Release, his

Supervised Release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of Supervised Release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

9. The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

   a. If the Defendant had persisted in his plea of not guilty as to the Indictment, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

   b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

   c. If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

   d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

   e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the

Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

  f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

  g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

  h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

## Advisory Sentencing Guidelines Apply

  10. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

## Factual and Advisory Guidelines Stipulation

  11. This Office and the Defendant understand, agree and stipulate that the facts listed in the Statement of Facts set forth in Attachment A hereto, are the facts which this Office would prove beyond a reasonable doubt, were this case to go to trial. The Office and the Defendant also agree and stipulate to the following applicable sentencing guidelines factors. The parties further agree and stipulate that that the nature of the count of conviction results in an offense level 7, pursuant to U.S.S.G. § 2B1.1.

  12. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct, pursuant to U.S.S.G. § 3E1.1(a).

  13. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his

intention to plead guilty. This Office may oppose any adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

14.     The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

15.     The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that the following sentence is the appropriate disposition of this case:

   a. on Count One of the Indictment, a sentence of imprisonment of time served since the Defendant's initial incarceration on this charge, as well as three years of Supervised Release; and

   b. on the Violation of Supervised Release, a sentence of three years of Supervised Release; to be imposed consecutive to the Supervised Release on Count One.

16.     This agreement does not affect the Court's discretion to impose any lawful fine or to set any lawful conditions of probation or Supervised Release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5).

17.     The Defendant is free to argue for any offense characteristics, sentencing guidelines factors, departures and/or adjustments set forth in Chapters 2, 3 or 4 of the United States Sentencing Guidelines, as well as a variance under 18 U.S.C. § 3553, upon giving the Government notice at least two weeks prior to the date of sentencing. The Government reserves the right to oppose any request(s) made by the Defendant.

## Restitution

18.     The Defendant agrees to the entry of a Restitution Order for the full amount of the victims' losses. The Defendant agrees that, pursuant to 18 U.S.C. §§ 3663 and 3663A and §§ 3563(b)(2) and 3583(d), the Court may order restitution of the full amount of the actual, total

loss caused by the offense conduct set forth in the factual stipulation. The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. There is no agreement as to the Defendant's ability to pay restitution, which will be determined by the Court at sentencing. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement.

### Obligations of the United States Attorney's Office

19. At the time of sentencing, this Office will recommend the sentence described above but will not recommend a fine or restitution. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

20. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that this Office has agreed to dismiss at sentencing.

### Waiver of Appeal

21. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all rights, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b. The Defendant and this Office knowingly waive all rights, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of Supervised Release), except as follows:

        i. the **Defendant reserves the right** to appeal any term of imprisonment to the extent that it **exceeds 28 months'** imprisonment; and

      ii.    this **Office reserves the right** to appeal any term of imprisonment to the extent that it is **below 28 months' imprisonment.**

22.    Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

23.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

24.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (a) engages in conduct after the date of this agreement which could justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (b) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (c) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Entire Agreement

25.    This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,<br>
Rod J. Rosenstein<br>
United States Attorney<br><br>
By: _____<br>
Peter M. Nothstein<br>
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

_____6/21/11_____                                _____
Date                                             John Thomas

I am Mr. Thomas' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____6/21/11_____                                _____
Date                                             Tamara Theiss, Esq.

## ATTACHMENT A

On April 26, 2007, the defendant, John THOMAS, was sentenced, subsequent to a conviction for Attempted Bank Robbery, to a period of incarceration of 33 months, followed by a period of Supervised Release of three years. On September 19, 2007, the Defendant's period of supervision began.

On March 10, 2009, THOMAS entered the M&T Bank Corporation branch at 8812 Waltham Woods, Baltimore, Maryland, 21234 wearing a knit cap, long fake hair, light blue jacket, and black pants. THOMAS passed a note to the teller which read "This is a stickup. Put large bills in bag and no one gets hurt. Stay calm." THOMAS then handed a red bag to the teller which she filled with $4,639 in U.S. Currency from her teller drawer, which THOMAS took with the intent to steal. THOMAS then left the bank on foot. On March 10, 2009, the deposits of M&T Bank Corporation were insured by the Federal Deposit Insurance Corporation.

On March 10, 2009, THOMAS was still subject to the conditions of Supervised Release, including the condition that he not commit any new violation of state or federal law.

_____
Peter M. Nothstein
Assistant United States Attorney

I have read this Statement of Facts and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily that these are the facts the government would prove if the case went to trial. I do not wish to change any part of it.

6/21/11
Date

John Thomas

I am Mr. Thomas' attorney. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is a voluntary one.

6/21/11
Date

Tamara Theiss, Esq.